Raines et ux. et al. vs. Perryman.

Judgment affirmed.

---

Thomas B. Raines and Wife, et al.,  plaintiffs in error, vs. Elisha Perryman, defendant in error.

[1.] In trover, a deed to the plaintiff, from one who has no title, can give the plaintiff no right to recover.

[ , 3, 4.] When the existence of superior evidence is shown, inferior evidence is not admissible, until it is also shown, that the superior is not attainable.

Trover for negroes, in Putnam Superior Court. Tried before Judge HARDEMAN, at September Term, 1859.

This was an action of trover brought by plaintiffs in error, against the defendant in error, for a negro woman named Malinda and her increase.

The defendant pleaded the general issue and the statute of limitations.

Upon the trial plaintiffs proved that the negroes in controversy were in the possession of defendant, and held and used by him as his own property. He further proved the value of said negroes and their hire. That defendant got Malinda from David Perryman, and that they were claimed by Nancy Perryman or her children, the present plaintiffs. That Nancy Perryman died in 1850. That plaintiffs are the children of David and Nancy Perryman. That they had no children in 1828; plaintiffs were born after that year.

Plaintiffs then offered in evidence the following deed, viz:

" GEORGIA, GREEN COUNTY.

Know all men by these presents, that I, James Fretwell, of the county and State aforesaid, for and in consideration of the sum of five dollars to me in hand paid, as well as for the good will and affection which I have and bear to Nancy Perryman, have given, granted, bargained and conveyed, and hereby give, grant, bargain and convey, and deliver to Cullen Fretwell, his heirs, executors and administrators, in trust for the sole and separate use of the said Nancy Perryman, during her natural life, a certain negro girl named Malinda about 15 or 16 years of age, to have and to hold said negro girl Malinda and her increase, unto him the said Cullen A. Fretwell, his heirs, executors and administrators, for the sole use and benefit of the said Nancy Perryman, during her natural life, and at her death the right and title of said negro girl Malinda and her increase, to go to and be vested in such children as the said Nancy Perryman may have living at her death.

Raines et ux. et al. vs. Perryman.

In testimony whereof I have hereunto set my hand and seal. This 5th January, 1829.

(Signed)        JAMES FRETWELL. [seal.]

In presence of
Jno. S. Carey,
James S. Park, *J. I. C. G. C.*"

Defendant objected to the introduction in evidence of this deed, unless its execution was first proved, it not having been recorded agreeably to law, and therefore not admissible in evidence without proof of execution. The Court sustained the objection; whereupon, plaintiffs proved the execution of said deed by the subscribing witnesses thereto, as well as by James Fretwell, the donor, and closed.

Defendant's counsel moved for a nonsuit, upon the ground that plaintiffs had shown no title to the negroes sued for, the deed from Fretwell not being evidence in itself of title in him, when it appeared from his depositions that he never had the possession of said negro Malinda, and there being no evidence of title in Fretwell.

The Court stated that it would sustain the motion for a nonsuit upon the case, as then made by plaintiffs, but permitted them to adduce further proof, and to proceed with their case. To which ruling plaintiffs excepted.

It was admitted by defendant's counsel that Martha Henderson, daughter of John Henderson, was the wife of James Fretwell.

Plaintiffs further proved by the depositions of Cullen A. Fretwell and Elizabeth Fretwell that, in the year 1824, John Henderson, the father of Mrs. Fretwell, loaned said negro Malinda to Nancy Perryman. He said to deponents, "that he was taking the said negro girl Malinda to loan to Nancy Perryman, as she was a negro he had given to his daughter Martha," and they saw him taking her down to Nancy. Martha Henderson held the negro by will and deed of gift made in the year 1823. Elisha Perryman obtained possession of

said negro by moving David Perryman and family into his house in 1831, and said that he held her for loaned money—four hundred dollars—two hundred of which had been repaid to him. James Fretwell was the brother-in-law of Nancy Perryman, and was perfectly solvent in 1829. That David Perryman never considered the negro his, but said she was loaned to his wife. When they first knew Malinda, in the year 1821, she was in the possession of John Henderson.

Defendant's counsel objected to this proof going to the jury, on the ground that it appeared from the answers of the witnesses, that Martha Henderson held the negro by will and a deed of gift, referred to by witnesses, and that said will and deed being higher evidence, should be produced. The Court sustained the objection, and plaintiffs excepted.

Plaintiffs then offered in evidence the will of John Henderson, the fifth clause of which, and upon which they relied, was as follows:

" I confirm unto my daughter, Martha Henderson the land and negroes given her by me, in a deed of gift bearing date 29th July, 1823, and vest in her the right of said negroes and land."

To the introduction of which defendant objected, upon the ground that reference was made in said will to a deed of gift, which should be first produced. The Court sustained the objection, and plaintiffs excepted.

Plaintiffs then proposed to show, that John Henderson had said that he had willed Malinda to Martha Henderson. Upon objection, the Court repelled this evidence, and plaintiffs excepted.

Plaintiffs then proposed to show, that defendant had admitted the title of James Fretwell, and to this end offered the depositions of certain witnesses. The Court refused, upon objection, to allow the depositions to be read, and plaintiffs excepted.

Here plaintiffs closed, and the defendant offered no evidence.

Raines et ux. et al. vs. Perryman.

The Court charged the jury as follows : " Plaintiff in trover must show title in himself before he can recover; and in this case, if they should believe from the evidence, that James Fretwell, under whom the plaintiffs claimed, was not in possession of the property, and never had been in possession then they should find for the defendant." To all of which charge plaintiffs excepted.

The jury returned a verdict for defendant; whereupon, counsel for plaintiffs tendered their bill of exceptions, assigning as error, the rulings, decisions and charges aforesaid excepted to.

Junius Wingfield; E. A. Nesbit, for plaintiffs in error.

J. Adams; and N. G. Foster, *contra.*

*By the Court.*—Benning J. delivering the opinion.

· Was the opinion of the Court below, on the motion for a nonsuit, right?

[1.] At the time when that motion was made, the only evidence to show title in the plaintiffs, was the deed from James Fretwell to Cullen Fretwell conveying the slave to him in trust for Nancy Perryman, during her life, and afterwards, for her children. And there was evidence to show, that James Fretwell, though he made this deed, had never been in possession of the slave. There was no evidence to show, that he then had, or that he ever had had any title to the slave. Thus stood the case, at the time when a motion for a nonsuit was made. The Judge announced, that he would sustain the motion, unless further evidence was offered. And we think, that he was right. The plaintiffs claimed under James Fretwell. If he never had title, he could give them none. He never had title. The evidence thereon, being the best. Therefore, they had none.

The plaintiffs then, acting on this announcement of the

Judge, attempted, by further evidence, to show title in James Fretwell.

And first, they offered the interrogatories of Cullen and Elizabeth Fretwell.

These two witnesses swore, that Martha Henderson, the daughter of John Henderson, became the wife of James Fretwell; that the slave Malinda, originally, belonged to John Henderson; that they heard him say, in 1824, that he had given Malinda, to his daughter Martha. But they also swore, that he made this gift to Martha, by will and deed of gift. The Court excluded the interrogatories—holding that the interrogatories showed that there was better evidence of the gift to Martha, than the sayings of John Henderson, viz: the will and the deed of gift. And we think, that the Court was right. It is true, that the interrogatories did show, that there was a will and a deed of gift of John Henderson, which conveyed the slave to his daughter Martha. A deed or a will is higher evidence than sayings. And it is a rule of law, that when the existence of superior evidence is shown, inferior evidence shall not be received, until it be also shown, that the superior is unattainable. It was not shown, that the deed or will was not attainable.

[3.] Secondly, the plaintiffs offered the will of John Henderson, of which the fifth clause was as follows:

" I confirm, unto my daughter, Martha Henderson, the land and negroes given her, by me, in a deed of gift, bearing date 29th July, 1823; and vest in her, the right of said negroes and land." The Court held, that this will should be excluded, until the deed of gift to which, it refers, should be produced. And we think, that the Court was again right. The will did not, itself, identify the negroes, but referred to the deed, as that by which they were to be identified. The will, therefore, did not, by itself, show, that Malinda, the slave in dispute, was one of the negroes, it gave to Martha Henderson; it did show, however, that that was a matter to be settled by the deed. On that point, then—the point, wheth-

er Malinda was one of the negroes covered by this clause of the will or not—the deed was the highest evidence. The deed was not produced; no excuse was offered for its non-production. Under the rule aforesaid of the best evidence, the Court was, therefore, we think, required to exclude the will.

[4.] Thirdly, the plaintiffs offered to establish title in James Fretwell, by showing, that he, Fretwell, had said, that the girl Malinda, was his; in other words, by showing, that Fretwell, whilst admitting, that he had never been in possession of Malinda, yet claimed title to her. This, they offered to establish, by the interrogatories of James Fretwell himself. In those interrogatories, he swore, that he had never had possession of the slave, and yet, that she was his; but he also swore to matters which made it clear, that this, his claim to the slave, was a claim under the will of John Henderson. That will, then, was better evidence of his title, than his verbal assertion that he had a title under the will.

This verbal assertion was, therefore, to be excluded, under the rule aforesaid, until the will should be produced, or its non-production be accounted for. The Court did exclude it. We think, therefore, that the Court did right.

The charge of the Court, was but a repetition of the opinion of the Court, announced on the motion for a nonsuit. The charge was, therefore, we think, right.

In conclusion, it may be remarked, that according to the disclosures of the evidence in this case, the title to the slave, is not in Elisha Perryman, but in the *legal representative* of David Perryman. Those disclosures show, that Elisha received the slave, from David, to secure the payment of a loan of $400—of which $200 has been repaid; they show also, that the hire of the slaves thus far, has been more than sufficient to pay off the remaining $200.

Should the legal representative of David, recover the slaves, the present plaintiffs may, perhaps, assert against *him*, the title which they have been trying to assert against Elisha ·

Perryman ; if they can and should do that, they may, by bringing forward their higher evidence, have better success, than they have had in this suit.

Judgment affirmed.