26485.  BURKE *v.* THE STATE.

DECIDED JANUARY 14, 1938.

*C. E. Anderson, D. A. Bragg,* for plaintiff in error.

*G. C. Dekle Jr., solicitor,* contra.

BROYLES, C. J.  1. "When the existence of superior evidence is shown, inferior evidence is not admissible, until it is also shown that the superior is not attainable." *Raines* v. *Perryman,* 29 *Ga.* 529 (2, 3, 4).

2. The defendant was convicted of the offense charged—possessing intoxicating liquors.  Special ground 2 of his motion for new trial is as follows: "Because the following material evidence was illegally admitted, over the objection of movant, to wit: 'As to whether at any time he [the defendant] has ever had any Federal liquor license in his name, will say, yes.'  Movant objected to the evidence at the time it was offered, and then and there urged before the court the following grounds of objection: that the licenses themselves or a certified copy of the same would be the highest evidence.  The opposing party to the movant offered the evidence objected to.  The evidence was material, prejudicial, and hurtful to the movant for the following reason: that it tended to show that the defendant kept liquor by virtue of possessing a Federal liquor license.  The name of the witness whose testimony is alleged to have been admitted over valid objection is G. C. Humphrey."  The ground is meritorious, and, since the verdict was not demanded by the evidence, the illegal admission of the foregoing evidence requires a new trial.  In *Cassidy* v. *State,* 10 *Ga. App.* 123 (72 S. E. 939), cited by the solicitor, the State introduced in evidence a "certified abstract from the records of the collector of internal revenue of the district of Georgia."  While, as stated in that case, it is relevant, in a prosecution for possessing whisky, to show that the accused has paid the Federal tax as a retail liquor dealer, that fact must be shown by the introduction of the superior written evidence, as was done in the *Cassidy* case.

3. The remaining alleged errors, complained of in the special

grounds, are not likely to recur upon another trial and are not passed upon.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*