## 71493. WHITE v. DILWORTH.
(342 SE2d 709)

CARLEY, Judge.

Appellant-plaintiff brought suit, seeking sums allegedly owed on a contract under the terms of which he was to receive forty percent of the gross income from the work that he performed at appellee-defendant's dental clinic. Appellee answered, denying liability. Except for $600 which was admitted to be owing to appellant, the jury returned a verdict in favor of appellee. Judgment was entered on the verdict and the instant appeal is from the entry of that judgment.

1. The trial court refused to allow appellee to be cross-examined with regard to what was either his guilty or nolo contendere plea to, and first offender sentence for, theft by deception. This ruling is enumerated as error. However, here, as in *Hightower v. Gen. Motors Corp.*, 255 Ga. 349 (338 SE2d 426) (1986), there is no need to decide whether a first offender plea, solely as such, may be used to impeach a witness in a civil case. Even assuming that it were otherwise permissible to do so, the impeachment could not be accomplished through the elicitation of testimony, not even from the witness himself. An authenticated copy of the record of the court in which the plea was entered would be required. *Drake v. State*, 245 Ga. 798, 803-804 (7) (267 SE2d 237) (1980); *Favors v. State*, 234 Ga. 80, 86 (3) (214 SE2d 645) (1975). Appellant proffered no certified copy of appellee's alleged plea. The trial court properly refused to allow appellee to be impeached by cross-examination concerning his plea and sentence.

2. The trial court sustained appellee's best evidence objection to the admission of a purported summary of information concerning the patients treated by appellant and their payment status. The document itself had been prepared by appellant solely for his own use and was shown not to be a business record. Although the information contained in the purported summary was apparently compiled by appellant from daily work logs prepared at appellee's dental clinic, it would also appear, however, that the primary source of the information which was contained in the work logs and then subsequently encapsulated by appellant in his own purported summary was the patients' individual records. Appellant contends that his own summary of information regarding the patients that he treated was erroneously excluded from evidence.

"In order to admit secondary evidence, it shall appear that the primary evidence for some sufficient cause is not accessible to the diligence of the party." OCGA § 24-5-2. "The best evidence which exists

of a writing sought to be proved shall be produced, unless its absence shall be satisfactorily accounted for." OCGA § 24-5-4 (a). Although appellant attempted to show that his own personal *copy* of the work logs had been lost, appellant's attorney also stated that the patients' individual records, which were apparently not proffered into evidence, were available. See *Illinois Central R. Co. v. Banks*, 31 Ga. App. 756 (1a) (122 SE 85) (1924). "When the existence of superior evidence is shown, inferior evidence is not admissible until it is also shown, that the superior is not attainable." *Raines v. Perryman*, 29 Ga. 529 (1859). "Before secondary evidence can be admitted, the party will be required to show that he has, in *good faith*, exhausted, in a *reasonable degree*, all the *sources of information and means of discovery*, which the *nature of the case suggests and which were accessible to him.*" (Emphasis in original.) *Doe v. Biggers*, 6 Ga. 188 (4) (1849). " 'In order to admit secondary evidence, it must appear that the primary evidence, for some sufficient cause, is inaccessible to the diligence of the party. The question of diligence is ordinarily addressed to the discretion of the court, which will not be interfered with unless flagrantly abused.' " *Haney & Tinsley v. Owens*, 39 Ga. App. 462 (2) (147 SE 720) (1929). Since it would appear that the patients' individual records constituted the primary documentary evidence of their visits, charges and payments and that those records were otherwise available or accessible, the trial court did not err in refusing to admit appellant's own purported summary as secondary evidence of that information.

Appellant further argues that his purported summary should have been admitted as a summary of voluminous records. See *Tyner v. Sheriff*, 164 Ga. App. 360 (2) (297 SE2d 114) (1982). However, appellant failed during the trial to make any showing as to the current accessibility of the patients' records as would be necessary for the introduction of his document as such a summary thereof. Compare *Hutcheson v. American Machine &c. Co.*, 129 Ga. App. 602, 603 (2) (200 SE2d 371) (1973). Appellant, at all times during the trial, sought introduction of his summary as independent secondary evidence of the truth of the information contained therein, never as a summary of such voluminous records as were then accessible to the court and parties. Appellant further contends that the summary was admissible because appellee did not properly respond to his notice to produce the original daily work logs. The record does not indicate that appellant served appellee with a notice to produce any documents at trial. See OCGA § 24-10-26. The record does indicate, however, that appellee was in ostensible full compliance with appellant's pre-trial notice to produce documents for discovery pursuant to OCGA § 9-11-34. Moreover, as indicated, appellant apparently acknowledged that the primary source of the information in the form of the patients' records

had been accessible to him. Appellant was responsible for seeing that he had at trial the best evidence which supported his claim. The trial court was authorized to find that appellant did not do so and there was no error in excluding the purported summary.

3. Appellant enumerates as error the trial court's refusal to hold an evidentiary hearing to determine the unanimity of the jury's verdict. The record shows the jury was polled following the reading of the verdict, and each juror affirmed that the verdict was and remained his or her own. However, according to the subsequently filed affidavit of appellant's counsel, he had personally received unsolicited expressions of juror disagreement with the verdict on the day after it had been returned. Based upon this affidavit by his counsel, appellant unsuccessfully sought a post-judgment evidentiary hearing with regard to juror unanimity. " 'The affidavits of jurors may be taken to sustain, but not to impeach their verdict' ([OCGA § 9-10-9]); and if a verdict may not be impeached by an affidavit of one or more of the jurors who found it, certainly it can not be impeached by affidavits from third persons, establishing the utterance by a juror of remarks tending to impeach his verdict." *Corbin v. McCrary*, 22 Ga. App. 472, 473 (5) (96 SE 445) (1918). There was no error.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 24, 1986 —
REHEARING DENIED MARCH 11, 1986.

*John A. Pickens*, for appellant.
*Frank E. Coggin*, for appellee.