A95A1769. REDMOND v. SHOOK.
(462 SE2d 172)

BEASLEY, Chief Judge.

This is a medical malpractice action instituted by Redmond against Shook one day prior to expiration of the statute of limitation. Shook moved for summary judgment on the ground that Redmond failed to comply with the requirements of OCGA § 9-11-9.1. Shook stated as undisputed material fact that the document purporting to be the expert affidavit filed with Redmond's complaint was signed by the expert in Pennsylvania and notarized by the notary public in Georgia, and that the oath was administered by the notary to the expert over the telephone. Redmond appeals the trial court's grant of Shook's motion for summary judgment.

1. Redmond contends that the court erred in ruling that his expert affidavit was invalid, in that the affiant was sworn upon his oath over the telephone before he signed the affidavit. On this basis, Redmond seeks to distinguish *Carnes v. Carnes*, 138 Ga. 1 (74 SE 785) (1912), relied upon by the trial court.

In *Carnes*, the plaintiff and her attorney testified that the plaintiff called the notary over the telephone and told him that she was swearing to an alimony petition and that her attorney brought it to the notary for his signature. Id. at 6 (3). The notary testified that the plaintiff did call and ask him to sign the petition and that he did sign it when it was brought to him by the plaintiff's attorney; however, the notary did not testify that the plaintiff told him that she was swearing to the petition. The court in *Carnes* stated that if the testimony of the notary were to be believed, there was not the slightest effort to administer an oath; and if the testimony of the plaintiff and her attorney were to be taken as correct, there was still no legal making of an affidavit.

The court held, "In order to make an affidavit, there must be present the officer, the affiant, and the paper, and there must be something done which amounts to the administration of an oath. There must be some solemnity, not mere telephone talk. Long-distance swearing is not permissible." Id. Thus, an oath cannot be administered over the telephone in Georgia. This is the rule in most jurisdictions. Hitchcock, Telephone Depositions in Georgia, 31 Georgia State Bar Journal, pp. 88, 90 (1995).

Redmond's expert's affidavit lacks a valid jurat. Inasmuch as a writing in the form of an affidavit has no force or validity in the ab-

sence of a valid jurat, *Harvey v. Kidney Center of Central Ga.*, 213 Ga. App. 319, 320 (444 SE2d 590) (1994), the trial court did not err in ruling that under *Carnes*, Redmond's expert affidavit was invalid. We lack the authority to entertain Redmond's request that we overrule the Supreme Court's decision in *Carnes*. Ga. Const., Art. VI, Sec. VI, Par. VI.

2. Redmond next contends that to conclude his case adversely because the oath was administered to his expert over the telephone rather than in person violates the command of OCGA § 9-11-8 (f) that "[a]ll pleadings shall be so construed as to do substantial justice." OCGA § 9-11-8 (f).

OCGA § 9-11-9.1 (e) states that a complaint is subject to dismissal for failure to state a claim for relief if the plaintiff fails to file the requisite affidavit contemporaneously with the complaint. We have construed OCGA § 9-11-9.1 as establishing an exception to the general liberality of pleading permitted under the Civil Practice Act. *0-1 Doctors Mem. Holding Co. v. Moore*, 190 Ga. App. 286, 288 (1) (378 SE2d 708) (1989). *0-1 Doctors* is mandated. The clear mandate of OCGA § 9-11-9.1 does not permit our overruling that decision, as Redmond also requests.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 11, 1995 — 

*Karen D. Barr*, for appellant.

*Oliver, Maner & Gray, William P. Franklin, Jr., Robert L. Persse*, for appellee.