### A98A0544. SCHMIDT et al. v. FELDMAN et al.
(497 SE2d 23)

BLACKBURN, Judge.

Linda and George Schmidt appeal the trial court's dismissal of their medical malpractice complaint for failure to attach a properly notarized expert affidavit. For the reasons discussed below, we affirm.

The plaintiffs sued Paul Feldman, M.D., and Advanced Aesthetics, P.C. for medical malpractice in connection with a breast implant procedure. Pursuant to OCGA § 9-11-9.1, the plaintiffs attached to their complaint the expert affidavit of Frank Bongiorno, M.D. During Bongiorno's deposition, he admitted that he had signed the affidavit in Michigan, although it was notarized by a Fayette County, Georgia notary.

In response to defendants' motion to dismiss, plaintiffs submitted the affidavit of the notary, Tom Petersen, a paralegal working for the plaintiffs' attorneys. Petersen testified that, on April 23, 1996, he forwarded the affidavit to Bongiorno in Michigan. On April 30, 1996, Petersen spoke with Bongiorno by telephone and reviewed the affidavit with him. Petersen testified that he had a copy of the affidavit in front of him, and that it was clear he and Bongiorno were looking at the same document. Petersen then had Bongiorno swear to the truth of the contents of the affidavit. Bongiorno returned the signed affida-

vit to Petersen, who received the affidavit on either May 3 or May 7, 1996.[1] Petersen notarized the affidavit as of April 30, 1996, the date it was signed. Petersen testified that he had met Bongiorno and was familiar with his signature and voice.

1. Plaintiffs contend that the affidavit was properly executed and notarized, as there is no requirement that a notary be physically present in order to administer the oath and witness the affiant's signature. This contention is contrary to well-established case law.

In *Carnes v. Carnes*, 138 Ga. 1 (74 SE 785) (1912), the Supreme Court held that "[i]n order to make an affidavit, there must be present the officer, the affiant, and the paper, and there must be something done which amounts to the administration of an oath. There must be some solemnity, not mere telephone talk. Long-distance swearing is not permissible." Id. at 6 (3). In *Redmond v. Shook*, 218 Ga. App. 477 (462 SE2d 172) (1995), the notary administered the oath over the telephone to the affiant, who was in Pennsylvania. Relying on *Carnes*, we affirmed the trial court's grant of summary judgment to the defendant, holding that "an oath cannot be administered over the telephone in Georgia." Id. at 477 (1).

Although plaintiffs argue that *Carnes* is no longer relevant in the modern world, it remains the law, and we are not at liberty to overrule the Supreme Court. Nor can we say that the Supreme Court's unambiguous statement that "[l]ong-distance swearing is not permissible" is mere dicta that can be disregarded by this Court. *Carnes*, supra. Therefore, we are bound to hold that the affidavit in this case was not properly notarized. "Inasmuch as a writing in the form of an affidavit has no force or validity in the absence of a valid jurat, the trial court did not err in ruling that [Bongiorno's] expert affidavit was invalid." (Citation omitted.) *Redmond*, supra at 477-478 (1).[2]

2. Plaintiffs contend that the relevant statutes do not clearly express the requirement that the affiant be in the physical presence of the notary and therefore amount to an unconstitutional violation of due process. This constitutional issue was raised in the trial court but not expressly addressed in its dismissal order. This appeal was

---

[1] The affidavit states "May 3 or May 6, 1997," but it is apparent that it refers to 1996.

[2] We note that, because the trial court apparently considered Petersen's affidavit and Bongiorno's deposition testimony in ruling on the motion to dismiss, it arguably converted the motion to dismiss into a motion for summary judgment, triggering a requirement that plaintiffs "be given reasonable opportunity to present all material made pertinent to such a motion by Code Section 9-11-56." OCGA § 9-11-12 (b); *Hewett v. Kalish*, 264 Ga. 183, 184-185 (442 SE2d 233) (1994). However, plaintiffs have not enumerated as error the trial court's failure to comply with this requirement in ruling on the motion, nor did they raise this issue at the hearing on the motion. Accordingly, this issue is not before this Court for review. *Bill Parker & Assoc. v. Rahr*, 216 Ga. App. 838, 840 (2) (456 SE2d 221) (1995).

originally filed in the Supreme Court, but was transferred to this Court because of the Supreme Court's express determination that "the trial court did not rule upon the constitutional questions raised by the appellants." Although it could be contended that the trial court implicitly rejected plaintiffs' constitutional argument by ruling against them, we are bound to conclude under these circumstances that " '[t]he transfer of the case by the Supreme Court to this court is a final determination that no constitutional question was in fact properly raised.' " *Stephens v. Ivey*, 212 Ga. App. 407 (1) (442 SE2d 248) (1994). Compare *Atlanta Independent School System v. Lane*, 266 Ga. 657, 658 (1) (469 SE2d 22) (1996) (transfer does not necessarily mean that constitutional issue has no merit).

Moreover, "[o]ur Supreme Court has exclusive jurisdiction over . . . all cases in which the constitutionality of a law, ordinance, or constitutional provision has been called into question. Further, if the Supreme Court has jurisdiction over a case because of this constitutional provision, it will not transfer that case, but will issue a decision addressing the merits of the constitutional issues raised therein. Thus, although this Court can no longer deem the transfer of an appeal to this Court as a determination by the Supreme Court that no meritorious constitutional issue was presented, appellate review in this Court ultimately is not affected because this Court has no jurisdiction to address a constitutional issue, except in limited circumstances." (Citations and punctuation omitted.) *Braden v. Bell*, 222 Ga. App. 144, 145-146 (1) (473 SE2d 523) (1996). As such circumstances are not present in this case, plaintiffs' constitutional argument is not properly before this Court for review.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 9, 1998 

*Robert C. Koski*, for appellants.
*Alston & Bird, Angela T. Burnette, Lori G. Baer*, for appellees.