S99A0170. SAMBOR v. KELLEY.
(518 SE2d 120)

FLETCHER, Presiding Justice.
    Timothy Sambor appeals the grant of summary judgment to John Kelley, D.O., in this medical malpractice case. Sambor contends that the trial court unconstitutionally modified OCGA § 9-11-9.1 in requiring that the expert affidavit be signed in the physical presence of the notary. Because it is well-established that affidavits must be sworn before a notary and the facts demonstrate that the expert affidavit submitted with Sambor's complaint was not executed before a notary, we affirm.
    Sambor filed a medical malpractice action against Kelley arising out of surgery Kelley performed on Sambor's knee. Sambor attached to his complaint the expert affidavit of Frank Borgiorno, M.D. Borgiorno signed the affidavit in Michigan, and a notary attested it in Georgia after administering the oath during a telephone conversation. The trial court granted Kelley's motion for summary judgment on the basis that the affidavit was not signed in the presence of the notary. The trial court relied upon *Schmidt v. Feldman*,[1] in which the Court of Appeals of Georgia relied upon this Court's 1912 case of *Carnes v. Carnes*,[2] to hold that the administering of an oath via telephone will not create a valid affidavit.
    1. Sambor contends that the requirement that the notary and the affiant be present together for the giving of the oath is a violation of due process because there was no reasonable notice of this formality. Sambor argues that the only notice of the requirement is found in *Carnes* and that *Carnes* is not referenced in the citations to OCGA § 45-17-8, which defines the powers and duties of notaries. However,

[1] 230 Ga. App. 500 (497 SE2d 23) (1998).
[2] 138 Ga. 1 (74 SE 785) (1912).

the failure to be aware of applicable case law affecting one's duties and obligations does not create a constitutional violation.[3] Furthermore, *Carnes* has been cited in modern appellate court opinions decided before Sambor filed his complaint and, therefore, cannot be considered obscure.[4] Finally, the definition of an affidavit incorporates this requirement by providing that an affidavit is a statement under oath "taken before a person having authority to administer such oath."[5]

2. Sambor also argues that the rule in *Carnes* is outdated and does not reflect modern law practice. The administration of an oath and the proper attestation of documents is not irrelevant, however, simply because the means of communication have changed greatly since the first part of this century. The law continues to recognize the important function notaries perform in acknowledging, attesting, and verifying a wide variety of documents.[6] The notary's statement attesting the genuineness of signatures and documents aids in the prevention of fraud and deceit.[7] Therefore, we reaffirm our prior holding that notarization occurs only when the affiant or person acknowledging execution personally appears before the notary.

3. Because the record is undisputed that Borgiorno did not execute the affidavit in the presence of the notary, the trial court correctly granted Kelley's motion for summary judgment.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 3, 1999 —
RECONSIDERATION DENIED MAY 28, 1999.

*Robert C. Koski,* for appellant.

---

[3] See *Lewy v. Beazley*, 270 Ga. 11, 12-13 (507 SE2d 721) (1998).

[4] See *Redmond v. Shook*, 218 Ga. App. 477 (462 SE2d 172) (1995); *D'Zesati v. Poole*, 174 Ga. App. 142, 143 (329 SE2d 280) (1985).

[5] Black's Law Dictionary 58 (6th ed. 1990).

[6] See, e.g., OCGA § 9-10-110 (petitions for injunction must be verified); OCGA § 10-6-142 (notarized signature required for power of attorney authorizing real and personal property transactions); OCGA § 17-4-45 (affidavit for arrest warrant must be notarized); OCGA § 19-8-4 (g) (notarized affidavit required for mother's voluntary surrender of parental rights); OCGA § 21-4-8 (d) (circulators of recall petitions must submit notarized affidavits); OCGA § 44-2-21 (deeds to realty must be attested or acknowledged before recording); OCGA § 53-2-40.1 (notarized affidavit of testator and witnesses necessary to admit will to probate without testimony of witnesses).

[7] See 58 AM. JUR. 2D *Notaries Public* § 31 (1989) ("jurat serves to assure the parties to the documents or instruments that the signatures thereon are bona fide.")

*Hall, Booth, Smith & Slover, Jack G. Slover, Jr., Jonathan Marigliano,* for appellee.