A01A1015. ROBERSON v. OCWEN FEDERAL BANK FSB.
(553 SE2d 162)

ELDRIDGE, Judge.

This a pro se appeal from the grant of summary judgment on an admitted credit card debt, which was not in dispute. We affirm.

On September 1, 1989, Madia W. Roberson applied for and received a First Union National Bank MasterCard credit card. As of October 10, 1998, Roberson owed interest and principal of $12,779.58 as shown on her last statement, which remained unpaid. On October 19, 1999, Ocwen Federal Bank, assignee of this account, sued Roberson for the unpaid balance, interest, and attorney fees. In her amended answer, defendant admitted to owing this debt. When the plaintiff brought its motion for summary judgment, Roberson introduced no evidence in opposition, not even her own affidavit. All that the defendant did was file a motion to strike the affidavit of plaintiff's vice president, because she alleged that his signature was a stamp and that the affiant could not testify to these facts of his own knowledge. The trial court denied the motion to strike and granted summary judgment.

1. Defendant's first enumeration of error is that the trial court erred in granting summary judgment.

(a) Defendant admitted that she entered into the credit card agreement and that she owed the money plus interest. Plaintiff, through its vice president, explained that the original written and executed credit card agreement was no longer available for introduc-

tion into evidence, because in the passage of over ten years and the assignment of the account, the original written agreement had been destroyed; the content of the original agreement was established through the unexecuted form as identical in terms to the missing original agreement. Such blank form credit card agreement and the testimony regarding the original agreement constituted admissible secondary evidence, because it was relevant; the existence of the original was established as an executed written agreement; reasonable diligence was exercised to find the original; the absence of the original was accounted for; and the blank form was established as the same as the executed destroyed agreement. OCGA §§ 24-5-1 through 24-5-4; *Clark v. State*, 271 Ga. 6, 11 (6) (515 SE2d 155) (1999); *White v. Dilworth*, 178 Ga. App. 226, 227 (2) (342 SE2d 709) (1986). In this case, plaintiff explained that, through the passage of time, this old agreement had been destroyed, which satisfies the requirement that the agreement be adequately accounted for by the plaintiff prior to the introduction of secondary evidence. *Clark v. State*, supra at 11; *White v. Dilworth*, supra at 227. A party can prove by testimony and other secondary evidence the existence and terms of a written executed contract when the loss or destruction of the original written contract has been sufficiently accounted for to establish the contract and the reason for its unavailability after the exercise of diligence to produce it. *Gen. Ins. Svcs. v. Marcola*, 231 Ga. App. 144, 148 (5) (b) (497 SE2d 679) (1998); *Equifax Svcs. v. Examination Mgmt. Svcs.*, 216 Ga. App. 35, 38 (1) (453 SE2d 488) (1994). The balance due on an account may be testified to by a witness without the introduction of the supporting documents as secondary evidence; however, in this case the last statement and demand for payment to the defendant was introduced into evidence as an exhibit to the affidavit as a business record exception to the hearsay rule. *Professional Ins. Svcs. v. Sizemore Elec. Co.*, 188 Ga. App. 463, 464 (1) (373 SE2d 276) (1988). However, although the defendant objected to the admission of the affidavit in support of plaintiff's motion for summary judgment, no objection to the admission of the affidavit and form credit card agreement was made before the trial court on the best evidence grounds. Failure to raise such objection waives such issue. Id. at 463.

(b) Plaintiff proved the written executed agreement, terms of the agreement, the balance due, the interest, and attorney fees; defendant admitted the agreement and the amounts due. Further, defendant failed to come forward with any evidence to create a material issue of fact either as to liability or damages. See *Adamson Co. v. Owens-Illinois Dev. Corp.*, 168 Ga. App. 654, 657 (309 SE2d 913) (1983). Plaintiff is entitled to summary judgment from the entire evidence record. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

2. Defendant contends that the trial court erred in denying her motion to strike the affidavit in support of plaintiff's motion for summary judgment. We do not agree.

Defendant filed a motion to strike the affidavit under OCGA § 9-11-12 (f). Motions to strike seek to purge from the pleadings or affidavit only insufficient defenses or matter that is redundant, immaterial, impertinent, or scandalous. *Guthrie v. Bank South, Douglas*, 195 Ga. App. 123, 125-126 (4) (393 SE2d 60) (1990) (physical precedent only); *Northwestern &c. Ins. Co. v. McGivern*, 132 Ga. App. 297, 301-304 (3) (208 SE2d 258) (1974).

Affidavits must conform to OCGA § 9-11-56 (e), which is a codification of the common law requirements as to affidavits. *McPherson v. McPherson*, 238 Ga. 271, 272 (1) (232 SE2d 552) (1977). A complete affidavit must satisfy three essential elements: (a) a written oath embodying the facts as sworn to by the affiant; (b) the signature of the affiant; and (c) the attestation by an officer authorized to administer the oath that the affidavit was actually sworn by the affiant before the officer. *Glenn v. MARTA*, 158 Ga. App. 98, 99 (279 SE2d 481) (1981). Affidavits that fail to comply or to contain the essential elements must be disregarded by the trial court, and only such portions as comply are considered. *Short & Paulk Supply Co. v. Dykes*, 120 Ga. App. 639, 645-646 (3) (171 SE2d 782) (1969). Only such portion of an affidavit that sets forth facts that are admissible in evidence can be considered. *Oglesby v. Farmers Mut. Exchange*, 128 Ga. App. 387, 389 (6) (196 SE2d 674) (1973). A motion to strike the affidavit in support of a motion for summary judgment, if properly and timely made, is a proper vehicle to attack the affidavit; however, it should specifically object to the material that is inadmissible, because the trial court must consider the admissible portions of the affidavit. *Vickers v. Chrysler Credit Corp.*, 158 Ga. App. 434, 439-440 (4) (280 SE2d 842) (1981); *Ford v. Ga. Power Co.*, 151 Ga. App. 748 (2) (A) (261 SE2d 474) (1979); *Vaughn & Co. v. Saul*, 143 Ga. App. 74, 78 (3) (237 SE2d 622) (1977).

An affidavit must be sworn to in person before a notary public or other officer empowered to administer oaths for the affidavit to be valid and have the affiant's signature attached. *Sambor v. Kelley*, 271 Ga. 133, 134 (1) (518 SE2d 120) (1999); *Schmidt v. Feldman*, 230 Ga. App. 500, 501 (1) (497 SE2d 23) (1998); *Redmond v. Shook*, 218 Ga. App. 477-478 (1) (462 SE2d 172) (1995). To attack an affidavit on improper execution grounds, there must be evidence either from the witness or notary or from the face of the affidavit showing that the execution was not made in the notary's physical presence. *Sambor v. Kelley*, supra at 133; *Schmidt v. Feldman*, supra at 501; *Redmond v. Shook*, supra at 477. However, in this case, the trial court made a factual determination that the affidavit filed had, in fact, been prop-

erly executed by Arthur J. Castner before a notary public. Since factual determinations made by the trial court as trier of fact can be reversed only if there is no evidence to support such finding, then this Court must affirm the trial court, because the affidavit appears to be signed rather than merely stamped as contended by the defendant without evidence to support such allegation. Thus, there was some evidence to support such determination of fact, and absent legal error we will not interfere with the trial court's determination. *Wilkinson v. Udinsky*, 242 Ga. App. 464 (1) (530 SE2d 215) (2000).

Also defendant contends that Castner lacked personal knowledge upon which to base the affidavit. The affiant must have personal knowledge for the affidavit to have probative value. OCGA § 9-11-56 (e); *Worley v. Pierce*, 211 Ga. App. 863, 865 (2) (440 SE2d 749) (1994); *Morris-Bancroft Paper Co. v. Coleman*, 188 Ga. App. 809, 810-811 (374 SE2d 544) (1988). Generally, the mere statement of the affiant that the testimony given comes from personal knowledge is sufficient. *Whitaker v. Trust Co. &c.*, 167 Ga. App. 360, 361 (2) (306 SE2d 329) (1983). However, as in this case, the affiant clearly demonstrated personal knowledge rooted in the content of the affidavit. *Edwards v. Campbell Taggart Baking Cos.*, 219 Ga. App. 806, 808 (2) (466 SE2d 911) (1996).

As vice president of the plaintiff, Castner testified that he was familiar with the books and records of the bank and, from such records, demonstrated a basis to have personal knowledge that the original agreement was unavailable, because it had been destroyed in the distant past; that there had been a written contract; that the terms of such contract were identical to the form agreement attached; that the last statement was sent; that the balance remained unpaid; and that interest and attorney fees were due and payable. The trial court found that the affiant had demonstrated personal knowledge and denied the motion.

"A trial court's decision overruling an objection to tendered evidence is a matter resting within the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion." *Clauss v. Plantation Equity Group*, 236 Ga. App. 522, 523 (1) (512 SE2d 10) (1999).

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED JULY 2, 2001.

Madia Roberson, *pro se.*

*Frederick J. Hanna & Associates, Elizabeth C. Whealler*, for appellee.