A91A1136. FOX v. RAVINIA CLUB, INC. et al.
(414 SE2d 243)

COOPER, Judge.

This appeal arises out of an action for intentional infliction of emotional distress and breach of contract brought by plaintiff against her former employer, Ravinia Club, Inc. ("Ravinia"), its parent company, Club Corporation of America, Inc. ("CCA"), and Charles Cowart ("Cowart"), the manager of Ravinia. Plaintiff contends the trial court erred in granting summary judgment to defendants.

In August 1986, plaintiff began working for Ravinia as a membership secretary, and several weeks later Cowart became the manager of Ravinia. Plaintiff's primary responsibility was to sell memberships to Ravinia, a new dining/health club which was scheduled to open in April 1987. Plaintiff contends that starting around the end of 1986, Cowart began inviting her to lunch and dinner, during which he would discuss intimate details about his personal life and his relationships with other women. At a corporate meeting in January 1987, an employee of CCA suggested to plaintiff that she might enjoy dating Cowart, and plaintiff stated that she had no interest in developing a personal relationship with Cowart. Following that meeting, Cowart

became very cold and indifferent toward plaintiff, and on more than one occasion, he called her a "cold northern bitch" and said that she should "give us southern boys a chance." Plaintiff contends that Cowart began to treat her in a disrespectful manner by making sexually derogatory comments and by telling sexually explicit jokes in her presence. Plaintiff testified in her deposition that she complained on several occasions to Monica DeLaTorre, one of the corporate officers of CCA, but that no action was taken against Cowart. Soon after plaintiff complained, Cowart began telling her that she was not loyal to him, that no one liked her, that she had emotional problems and that she should seek professional help. In April 1987 shortly after the club opened, plaintiff became very emotional and began crying so badly that she could not remain at work. Shortly thereafter, at the insistence of Cowart and his superiors, plaintiff consulted with a psychologist, who she continued seeing through July 1987. Approximately two weeks before her termination, plaintiff and several other female membership secretaries made a joint complaint to Ms. DeLaTorre about Cowart's behavior. On August 3, 1987, plaintiff was terminated from her employment at Ravinia, and on August 2, 1989, she filed the subject action for intentional infliction of emotional distress. Defendants filed a motion for summary judgment on the ground that plaintiff's action was barred by the applicable two-year statute of limitation because all of the allegations of intentional infliction of emotional distress took place prior to plaintiff's termination on August 3, 1987. While defendants' motion for summary judgment was pending, plaintiff amended her complaint to allege that during her termination conference, Cowart spoke to her in a "hostile, intimidating and abusive manner" and that in a telephonic unemployment compensation hearing, Cowart gave false reasons for plaintiff's termination and "laughed at [her] in a taunting fashion." The trial court found that plaintiff suffered a cognizable injury in April 1987, when she began seeing a psychologist; therefore, the statute of limitation for plaintiff's action expired in April 1989. The trial court also found that the allegations in plaintiff's amended complaint were not sufficient to state a cause of action for intentional infliction of emotional distress.

Plaintiff contends that the trial court erred in failing to consider the totality of the circumstances and the continuing nature of the tort. Specifically, plaintiff argues that the trial court should not have viewed the allegations in the amended complaint as isolated events but should have considered them as continuing acts of intentional infliction of emotional distress. The trial court's order reflects that the judge considered the cumulative nature of the defendants' actions which began near the end of 1986. However, even taking into account the cumulative effect of defendants' actions, we conclude that those

actions culminated in April 1987, when plaintiff was required to seek psychological consultation for work-related stress. " ' "The test to be applied in determining when the statute of limitations begins to run against an action sounding in tort is in whether the act causing the damage is in and of itself an invasion of some right of the plaintiff, and thus constitutes a legal injury and gives rise to a cause of action. If the act is of itself not unlawful in this sense, and a recovery is sought only on account of damage subsequently accruing from and consequent upon the act, the cause of action accrues and the statute begins to run only when the damage is sustained; but if the act causing such subsequent damage is of itself unlawful in the sense that it constitutes a legal injury to the plaintiff, and is thus a completed wrong, the cause of action accrues and the statute begins to run from the time the act is committed, however slight the actual damage then may be." ' [Cits.]" *Adams v. Emory Univ. Clinic*, 179 Ga. App. 620, 622 (347 SE2d 670) (1986). Although plaintiff continued to work at Ravinia until August 3, 1987, she does not allege that any acts of intentional infliction of emotional harm occurred between April 1987 and August 3, 1987, other than those actions alleged in her amended complaint. Thus it appears that defendants' alleged unlawful acts resulted in damage to plaintiff in April 1987 and at that time, plaintiff's cause of action for intentional infliction of emotional distress accrued. See *Hickey v. Askren*, 198 Ga. App. 718 (1) (403 SE2d 225) (1991). More importantly, the record reflects that plaintiff did not suffer any damages after April 1987. Consequently, that is the last day on which plaintiff's cause of action could have accrued. See *Adams v. Emory Univ. Clinic*, supra at 622. With respect to the acts alleged by plaintiff to have occurred after April 1987, we agree with the trial court that those acts were not sufficiently outrageous and egregious to constitute the tort of intentional infliction of emotional distress. *Sossenko v. Michelin Tire Corp.*, 172 Ga. App. 771, 773 (324 SE2d 593) (1984). Accordingly, the trial court correctly found that plaintiff's claims were barred by the applicable two-year statute of limitation.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED OCTOBER 16, 1991 —
RECONSIDERATION DENIED DECEMBER 13, 1991 — 

*Whicker, Gandy & Rice, L. Spencer Gandy, Jr.*, for appellant.
*Alston & Bird, Forrest W. Hunter, Arnall, Golden & Gregory, Charles L. Gregory*, for appellees.