A93A1317. COLSTON v. FRED'S PEST CONTROL, INC.
(436 SE2d 23)

Blackburn, Judge.

On February 4, 1992, the appellant/plaintiff, Jerrold Colston, brought the instant action against the appellee/defendant, Fred's Pest Control, Inc. (Fred), for Fred's alleged negligence in the inspection and treatment of Colston's home and for Fred's failure to provide Colston with protection from termites pursuant to a contractual agreement. Fred responded to the complaint on March 4, 1992, deny-

ing liability and asserting several defenses. On April 14, 1992, 41 days after the filing of its initial responsive pleading, Fred amended his answer, and asserted that Colston failed to contemporaneously file an expert affidavit with his complaint for professional negligence, and as a result, the complaint did not comply with OCGA § 9-11-9.1. Seven months later, Fred filed a motion to dismiss the complaint based upon Colston's failure to file an expert affidavit, and the trial court granted the motion. This appeal followed.

Colston contends that the trial court erred in granting Fred's motion to dismiss. He further maintains that the trial court incorrectly applied the standards enunciated by our Supreme Court in *Gillis v. Goodgame*, 262 Ga. 117 (414 SE2d 197) (1992), and *Glaser v. Meck*, 258 Ga. 468 (369 SE2d 912) (1988).

In *Gillis*, Gillis sued a physician and a radiological physicist based upon their alleged failure to exercise the requisite degree of medical care, diligence and skill exercised by physicians in general. Although she attached to her complaint, pursuant to OCGA § 9-11-9.1, an expert affidavit concerning the professional negligence of the physician, she did not attach to the complaint an affidavit concerning the professional negligence of the physicist. The Supreme Court, in reversing the grant of the motion to dismiss, concluded "that the affidavit requirements of § 9-11-9.1 apply only to those professions recognized under Georgia law in OCGA §§ 14-7-2 (2); 14-10-2 (2) and 43-1-24." Id. at 118.

Under OCGA § 14-10-2 (2), the term " 'professional service' means the personal services rendered by attorneys at law and any type of professional service which may be legally performed only pursuant to a license from a state examining board pursuant to Title 43. . . ." Moreover, OCGA § 43-45-24 mandates that any person, firm, corporation, or association engaging in household pest control, control of wood-destroying organisms, fumigation, or related work, first secure a license from the State Structural Pest Control Commission, which provides for the examination of applicants, for the purpose of performing such work or risk misdemeanor prosecution. Based upon the statutory definition of professional service, Fred's control and treatment of wood-destroying organisms is deemed a profession under *Gillis*. "However, it is clearly not the defendant's professional status which determines whether a suit in negligence *is* a malpractice action within the ambit of OCGA § 9-11-9.1. . . . The determinative factor as to whether a suit in negligence is or is not a malpractice action within the ambit of OCGA § 9-11-9.1 is the existence or absence of allegations that the defendant-professional has rendered negligent professional services." *Jordan, Jones & Goulding v. Wilson*, 197 Ga. App. 354, 355 (398 SE2d 385) (1990). Considering the allegations in the complaint that Fred "was negligent in the inspection and

treatment of [Colston's] home and failed to provide [Colston] with the protection from termites as agreed upon," which "'calls into question the conduct of [Fred as] a professional in [its] area of expertise,'" *Lutz v. Foran*, 262 Ga. 819, 820 (2) (427 SE2d 248) (1993), we must conclude that this action is one involving professional malpractice which mandates the contemporaneous filing of an expert affidavit. As this is a professional malpractice case, "the basis of legal liability is whether [Fred] exercised a reasonable degree of skill and care, as determined by the degree of skill and care ordinarily employed by respective professions under similar conditions and like surroundings." (Citation and punctuation omitted.) *Roebuck v. Smith*, 204 Ga. App. 20, 21 (418 SE2d 165) (1992).

However, Colston's failure to file an expert affidavit based upon the facts in this case does not warrant the dismissal of the action because Fred did not assert this affirmative defense in its initial responsive pleading. OCGA § 9-11-9.1 (e) provides that "if a plaintiff fails to file an affidavit as required by this Code section contemporaneously with a complaint alleging professional malpractice and the defendant raises the failure to file such an affidavit in its *initial responsive pleading, such complaint is subject to dismissal for failure to state a claim. . . .*" (Emphasis supplied.) As our legislature has limited a plaintiff's ability to amend a complaint for the inclusion of an affidavit to only those circumstances enunciated in OCGA § 9-11-9.1 (b), the legislature has likewise limited a defendant's assertion of the plaintiff's failure to file an expert affidavit as an affirmative defense. "Where the statutory language is plain and unequivocal, judicial construction is unauthorized. . . . [Cits.]" *Housing Auth. of Savannah v. Greene*, 259 Ga. 435, 438 (4) (383 SE2d 867) (1989). In the case sub judice, Fred did not raise the defense of Colson's failure to file an affidavit in its initial responsive pleading of March 4, 1992, and in fact, amended its answer 41 days later solely to assert this defense. Inasmuch as Fred failed to assert the defense in its initial responsive pleading as required by OCGA § 9-11-9.1 (e), the trial court erred in granting Fred's motion to dismiss.

Our decision is consistent with the Supreme Court's ruling in *Glaser*, supra. In *Glaser*, the Supreme Court refused to allow Meck, a physician, to assert the same defense in an amended pleading filed three months after the filing of the initial response. Although the court was especially concerned with the assertion of the defense after the expiration of the statute of limitation, which has not been addressed as a concern in the case sub judice, the court reversed the trial court's grant of the motion to dismiss, refusing to reward the physician for a pleading default while penalizing Glaser for a pleading default. We likewise refuse to reward Fred for the untimely assertion of the defense. Accordingly, the decision of the trial court must be

reversed.

*Judgment reversed. McMurray, P. J., concurs. Johnson, J., concurs in the judgment only.*

DECIDED SEPTEMBER 1, 1993 —
RECONSIDERATION DENIED SEPTEMBER 23, 1993 

*William H. McWhorter, Jr.*, for appellant.
*Chambless, Higdon & Carson, Thomas F. Richardson*, for appellee.