A94A1044. ORKIN EXTERMINATING COMPANY, INC.
v. CARDER et al.
(450 SE2d 217)

ANDREWS, Judge.

We granted Orkin Exterminating Company's application for interlocutory appeal to review the trial court's denial of its motion to dismiss arising out of the following facts.

On January 25, 1993, Edward and Amanda Carder filed an action against Orkin for personal injuries which arose from the allegedly negligent application of pesticides by Orkin at Edward Carder's place of employment. No expert affidavit was filed with the complaint as required by OCGA § 9-11-9.1 in suits alleging professional malprac-

tice. See *Colston v. Fred's Pest Control*, 210 Ga. App. 362 (436 SE2d 23) (1993); see also *Harrell v. Lusk*, 263 Ga. 895 (439 SE2d 896) (1994); OCGA § 43-45-24. The complaint alleged that Orkin had provided pest control services to Carder's place of employment from August 1989 until October 1992 and stated that his doctors did not confirm that his medical problems were caused by pesticide poisoning until October 1992.

In its answer, Orkin raised the failure to file the appropriate malpractice affidavit as a defense. Orkin filed a motion to dismiss the complaint based on Carder's failure to comply with OCGA § 9-11-9.1 (which is not included in the record before us), and on March 16, 1993, the Carders filed a voluntary dismissal of their complaint.

On May 5, 1993, the Carders refiled the same action against Orkin. With the refiled complaint, the Carders filed two professional malpractice affidavits, one of a pest control expert and one of a medical doctor. In its answer, Orkin again raised the failure to comply with OCGA § 9-11-9.1.

On June 4, 1993, Orkin filed a motion to dismiss the Carders' refiled complaint based on their alleged failure to comply with OCGA § 9-11-9.1. Orkin argued that the statute does not permit plaintiffs to amend a defective action within the statute of limitation by dismissing the complaint and refiling a new complaint with the appropriate affidavits. In response, the Carders contended that OCGA § 9-11-9.1 allows plaintiffs to dismiss a professional negligence complaint which fails to comply with the affidavit requirement and refile the same complaint with the appropriate expert affidavit, unless the refiled action is barred by the statute of limitation.

After a hearing, the trial court denied Orkin's motion to dismiss. In its order, the court concluded that it was undisputed that the relevant statute of limitation had not expired; that OCGA § 9-11-9.1 does not prohibit plaintiffs from dismissing an action originally filed without professional malpractice affidavits and refiling that action with such affidavits within the statutory period allowed; and that the two expert affidavits which the Carders filed met the requirements of OCGA § 9-11-9.1. From that order, Orkin filed its interlocutory application, which we granted.

In its sole enumeration of error, Orkin argues that the trial court erred in failing to grant its motion to dismiss the Carders' refiled complaint. Orkin contends that OCGA § 9-11-9.1 prohibits plaintiffs from curing by amendment their initial failure to file an expert affidavit contemporaneously with the professional malpractice action and that OCGA § 9-11-9.1 prohibits plaintiffs from dismissing the complaint and refiling it later, within the statute of limitation, with the appropriate affidavit. Citing *Jones v. Bates*, 261 Ga. 240 (403 SE2d 804) (1991), Orkin argues that, even within the applicable statute of

limitation period, unless the circumstances of OCGA § 9-11-9.1 (e) apply, the filing of the affidavit must be contemporaneous with the complaint.

The Carders argue that if Orkin's argument were accepted, OCGA § 9-11-9.1 (f) would be superfluous. Citing *Glaser v. Meck*, 258 Ga. 468 (369 SE2d 912) (1988), they contend that the purpose behind the requirement of OCGA § 9-11-12 (b) that the defense of insufficiency of affidavits be asserted in the initial responsive pleadings is to allow plaintiffs a chance at amending defective affidavits within the statute of limitation.

This court has recently decided the specific issue presented in this case adversely to Orkin. See *Moritz v. Orkin Exterminating Co.*, 215 Ga. App. 255 (____ SE2d ____) (1994). Accordingly, for the reasons discussed in *Moritz*, the trial court properly denied Orkin's motion to dismiss.

We note further that the Carders' renewal suit was an action de novo. *Granite State Ins. Co. v. Nord Bitumi U. S.*, 262 Ga. 502 (422 SE2d 191) (1992). As such, the procedural prerequisites of filing had to be met anew. *Hobbs v. Arthur*, 264 Ga. 359 (444 SE2d 322) (1994). "Defenses which are raised in the renewal action will be adjudicated only with respect to that which occurred subsequent to refiling. [Cits.]" Id. at 360. As in *Hobbs*, the Carders' first suit was not void but merely voidable, and their renewal suit was free of the defect complained of by Orkin.

*Judgment affirmed. Beasley, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 7, 1994 — RECONSIDERATION DENIED NOVEMBER 9, 1994 —

*Decker & Hallman, Richard P. Decker, W. Winston Briggs*, for appellant.

*Gleaton, Scofield, Egan & Jones, W. Seaborn Jones*, for appellees.