### A94A1640. RALEY v. TERMINIX INTERNATIONAL COMPANY, L.P.
(450 SE2d 343)

RUFFIN, Judge.

David Raley appeals from the dismissal of his complaint for failure to file an expert affidavit pursuant to OCGA § 9-11-9.1.

Raley brought the instant action against Terminix International Company, L.P. ("Terminix") for personal injuries which resulted from his exposure to pesticides with which his residence was treated by employees of Terminix. Raley alleged that the employees of Terminix advised him that the pesticides would dry in one day; that he was provided with rolls of polyurethane and instructed to lay the material in the crawl space as soon as possible; that he waited for two days to lay the polyurethane as instructed; and that he became violently ill after laying the polyurethane due to his exposure to pesticides and required hospitalization. Raley asserted causes of action for negligence, based on Terminix's failure to warn, negligent misrepresentation, and inadequate training of its employees; breach of contract, in failing to perform in a safe and commercially reasonable manner; and strict liability. In its answer, Terminix asserted various defenses including Raley's failure to file a malpractice affidavit as required by OCGA § 9-11-9.1. Terminix then moved to dismiss the

complaint on that basis.

Raley does not dispute the requirement of filing an expert affidavit with a professional malpractice complaint against a pest control company (see *Colston v. Fred's Pest Control*, 210 Ga. App. 362 (436 SE2d 23) (1993); *Orkin Exterm. Co. v. Carder*, 215 Ga. App. 257 (450 SE2d 217) (1994)) but contends the court erred in dismissing his complaint because the complaint alleged simple negligence which is capable of proof without expert testimony.

"OCGA § 9-11-9.1 'applies to any action for professional malpractice by negligent act or omission, sounding in tort or by breach of contract for failure to perform professional services in accordance with the professional obligation of care.' [Cit.]" *Housing Auth. of Savannah v. Greene*, 259 Ga. 435, 436 (1) (383 SE2d 867) (1989). "The determinative factor as to whether a suit in negligence is or is not a malpractice action within the ambit of OCGA § 9-11-9.1 is the existence or absence of allegations that the defendant-professional has rendered negligent professional services. In the case wherein such allegations are made, resolution of the issue of the defendant's compliance with or deviation from the applicable standard of professional conduct calls for 'highly specialized expert knowledge with respect to which a layman can have no knowledge at all, and the court and jury must be dependent on expert evidence.' [Cit.] Accordingly, any plaintiff, regardless of privity, who brings suit against a professional and seeks to recover for the alleged negligent performance of professional services *is* required by OCGA § 9-11-9.1 to file an expert's affidavit setting forth at least one specific negligent act or omission and the factual basis for such a claim." *Jordan, Jones &c. v. Wilson*, 197 Ga. App. 354, 355-356 (1) (398 SE2d 385) (1990).

Contrary to Raley's contention, the complaint alleges that Terminix was negligent and breached its contract in the performance of professional services as the allegations call into question Terminix's conduct as a professional in its area of expertise rather than alleging negligence in the performance of administrative, clerical or routine acts which require no special expertise. See *Lutz v. Foran*, 262 Ga. 819, 820 (2) (427 SE2d 248) (1993). Accordingly, its conduct must be measured by the " 'degree of skill and care ordinarily employed by . . . respective professions under similar conditions and like surroundings.' [Cit.]" *Roebuck v. Smith*, 204 Ga. App. 20, 21 (418 SE2d 165) (1992). Since Raley did not file an expert affidavit, the trial court did not err in dismissing the complaint.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 22, 1994.

*Tom C. Moore,* for appellant.

*Ogletree, Deakins, Nash, Smoak & Stewart, Jay M. Barber, Devin M. Ehrlich,* for appellee.