A95A0067. FENDER et al. v. ADAMS EXTERMINATORS, INC.
(460 SE2d 528)

ANDREWS, Judge.

Fender and Gordon sued Adams Exterminators, Inc., alleging that they suffered injuries as a result of Adams Exterminators' negligent application of a pesticide. In its answer, Adams Exterminators raised the defense that the plaintiffs failed to file an expert affidavit with the complaint as required by OCGA § 9-11-9.1. The trial court subsequently granted Adams Exterminators' motion for dismissal on the basis that the complaint alleged professional malpractice and was unsupported by the required expert affidavit. Fender and Gordon appeal from the order dismissing the complaint.

1. The complaint in this case alleging the negligent application of a pesticide by a corporation required to be licensed by the State Structural Pest Control Commission is a professional malpractice action which requires the contemporaneous filing of an expert affidavit pursuant to OCGA § 9-11-9.1. See *Colston v. Fred's Pest Control,* 210 Ga. App. 362 (436 SE2d 23) (1993) (physical precedent); OCGA § 43-45-1 et seq.

OCGA § 9-11-9.1 requires that an expert affidavit be filed with a complaint stating an "action for damages alleging professional malpractice." In *Gillis v. Goodgame,* 262 Ga. 117, 118 (414 SE2d 197) (1992), the Supreme Court concluded that: "[T]he legislature intended for the term 'professional' as used in OCGA § 9-11-9.1 to be defined by OCGA §§ 14-7-2 (2); 14-10-2 (2), and 43-1-24. We hold,

---

therefore, that the affidavit requirements of § 9-11-9.1 apply only to those professions recognized under Georgia law in OCGA §§ 14-7-2 (2); 14-10-2 (2), and 43-1-24." Under OCGA § 14-10-2 (2), " '[p]rofessional service' means the personal services rendered by attorneys at law and *any type of professional service which may be legally performed only pursuant to a license from a state examining board pursuant to Title 43.*" (Emphasis supplied.) Chapter 45 of OCGA Title 43 sets forth the provisions of the Structural Pest Control Act, which clearly provides that the type of professional services performed by Adams Exterminating in this case must be licensed by the applicable state examining board. See OCGA § 43-45-24, requiring a license issued by the State Structural Pest Control Commission and OCGA § 43-1-1, including the commission within the definition of "state examining board." Accordingly, *Gillis*, supra, made clear that the complaint against Adams Exterminators was a professional malpractice action within the meaning of OCGA § 9-11-9.1.

2. Nevertheless, the plaintiffs contend that when they filed their complaint, no case had been decided specifically applying the expert affidavit requirement to exterminators, and the trial court erred by refusing to allow them to amend the complaint to add an expert affidavit. In dismissing the complaint, the trial court ruled that "it [was] reasonable to conclude that, after [the decision in] *Gillis*, supra, the affidavit requirement applied to exterminators." We agree.

In the usual case, a court applies existing law to resolve the issues before it, and there is no question that the decision applies to the parties in the case. Only where a decision "establishe[s] a new principle of law, either by overruling past precedent on which litigants relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed" does an issue arise as to whether or not the decision should be retroactively applied to the parties. *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709, 712 (300 SE2d 673) (1983). Retroactive application of judicial decisions is the usual rule in all civil cases. *General Motors Corp. v. Rasmussen*, 255 Ga. 544, 545-546 (340 SE2d 586) (1986). A law-changing decision, however, will generally be applied prospectively under the test adopted in *Flewellen*, supra, where the decision establishes a new principle of law and prospective application would avoid causing "injustice or hardship" to those who justifiably relied on the prior law, without unduly undermining the "purpose and effect" of the new rule. *Rasmussen*, supra; see *Harper v. Va. Dept. of Taxation*, 509 U. S. ___ (113 SC 2510, 125 LE2d 74, 84-85) (1993).

Under this test, it is not unfair to apply the decision in this case to the parties and uphold the dismissal of the complaint for lack of an expert affidavit. No past precedent was overruled, and the application of the expert affidavit requirement to the professional services ren-

dered by Adams Exterminators was clearly foreshadowed by the decision of the Supreme Court in *Gillis*, supra. This case simply applies the clearly enunciated expert affidavit requirements in *Gillis*, supra, to the facts before the court. In fact, we reached the same conclusion on similar facts in *Colston*, supra, an opinion rendered after the complaint in this case was filed.

The plaintiffs' reliance on *Lutz v. Foran*, 262 Ga. 819, 824 (427 SE2d 248) (1993), to support the argument that it would be unfair not to allow them to amend the complaint to add an expert affidavit is misplaced. In *Lutz*, the first appellate case applying the expert affidavit requirement to harbor pilots, the Supreme Court concluded that harbor pilots are professionals within the meaning of OCGA § 9-11-9.1 because they are listed as a profession in OCGA § 14-7-2 (2), one of the Code sections set forth in *Gillis*, supra. But the Court decided that, since *Gillis*, supra, had not been decided when Lutz filed his complaint, it would be unfair to apply the decision to the parties when the plaintiff "did not have the benefit of our decision in *Gillis v. Goodgame* delineating the professionals against whom an expert affidavit must be filed in a malpractice action." *Lutz*, supra at 824. Since the complaint in this case was filed over a year after the decision in *Gillis*, supra, and the decision in this case was clearly foreshadowed by the decision in *Gillis*, supra, it was not unfair for the trial court to apply the expert affidavit requirement to the parties and dismiss the complaint.

*Judgment affirmed. Beasley, C. J., Birdsong, P. J., Pope, P. J., Johnson, Smith and Ruffin, JJ., concur. McMurray, P. J., and Blackburn, J., concur in part and dissent in part.*

McMURRAY, Presiding Judge, concurring in part and dissenting in part.

I fully agree with Division 1 of the majority opinion that, the present state of the law requires the contemporaneous filing of an OCGA § 9-11-9.1 expert's affidavit in a tort action alleging the negligent application of pesticides. I respectfully dissent from Division 2 and from the judgment of affirmance, as it is my view that the trial court erred in denying plaintiffs an opportunity to amend the procedural error in failing to file such an OCGA § 9-11-9.1 expert's affidavit in the case sub judice. No binding precedent from this Court required such contemporaneous filing at the time this action was commenced. In my view, the majority opinion fails to apply the latest consideration of this question by the Supreme Court of Georgia, *Harrell v. Lusk*, 263 Ga. 895 (439 SE2d 896). In so doing, the majority demands of plaintiffs' counsel a prescience hitherto unexpected of mortal practitioners of the law. Plaintiffs contend the trial court erred in denying them "leave to amend their Complaint to attach an affidavit . . .

when the question of whether a negligence action against an exterminator was subject to the affidavit requirement had not been decided at the time [plaintiffs] filed their Complaint." I agree.

In *Gillis v. Goodgame*, 262 Ga. 117, 118 (414 SE2d 197), the Georgia Supreme Court held "that the affidavit requirements of [OCGA] § 9-11-9.1 apply only to those professions recognized under Georgia law in OCGA §§ 14-7-2 (2); 14-10-2 (2), and 43-1-24[, citing] Justice Weltner's special concurrence to *Creel v. Cotton States Mut. Ins. Co.*, 260 Ga. 499 (397 SE2d 294) (1990)." By its terms, OCGA § 43-1-24 refers only to those persons "licensed by a state examining board *and* who [practice] a 'profession,' as defined in Chapter 7 of Title 14, the 'Georgia Professional Corporation Act,' or who renders 'professional services,' as defined in Chapter 10 of Title 14, 'The Professional Association Act[.]'" (Emphasis supplied.) The professions enumerated at OCGA § 14-7-2 (2), as recited by Justice Weltner in his special concurrence are: "certified public accountancy, architecture, chiropractic, dentistry, professional engineering, land surveying, law, psychology, medicine and surgery, optometry, osteopathy, podiatry, veterinary medicine, registered professional nursing, or harbor piloting."

*Colston v. Fred's Pest Control*, 210 Ga. App. 362 (436 SE2d 23), which first applied OCGA § 9-11-9.1 to actions against exterminators, was not decided by this Court until September 1, 1993. This was six months after the filing of the complaint in the case sub judice, and even then was, under Court of Appeals Rule 35 (b), now Rule 33 (a), "a physical precedent only." As recently as March 11, 1994, the Supreme Court of Georgia found it necessary to augment the list of professions as set forth in *Gillis v. Goodgame*, 262 Ga. 117, supra, and at the same time draw a distinction "between those occupations included in Title 43 where licensure involves merely registration . . . and those occupations where licensure is conditioned upon the state examining board's determination that the applicant successfully completed the schooling and/or training upon which licensure is statutorily preconditioned." *Harrell v. Lusk*, 263 Ga. 895, 896, fn. 2, supra. It is my view that, the majority court errs in concluding that reference to OCGA § 43-1-24 was sufficient to place potential plaintiffs and their counsel on notice that exterminating services constitute a profession such as to invoke the pleading requirements of OCGA § 9-11-9.1. "[A]lthough ordinarily this Court would rule that [plaintiffs' original] complaint, filed with[out] the affidavit of a licensed [exterminator], should be dismissed with prejudice pursuant to OCGA § 9-11-9.1 (f), that result would be unfair in this case. As in *Lutz v. Foran*, 262 Ga. 819 (4) (427 SE2d 248) (1993), this is an instance in which it was unclear at the time [plaintiffs] filed [their] initial suit [on March 16, 1993,] whether OCGA § 9-11-9.1 applied to claims [the gravamen of

which was] malpractice against [exterminators]. Thus, it would be manifestly unfair to apply OCGA § 9-11-9.1 (f) to the case at bar. [Cit.]" *Harrell v. Lusk*, 263 Ga. 895, 898, supra. In my view, the judgment in the case sub judice should be reversed and the case remanded to the trial court with direction to reinstate plaintiffs' complaint upon filing of an expert's affidavit as required by OCGA § 9-11-9.1 within a reasonable time from the date of judgment. As the majority would affirm, I respectfully dissent in part.

I am authorized to state that Judge Blackburn joins in this opinion.

DECIDED JUNE 29, 1995 —
RECONSIDERATION DENIED JULY 24, 1995 —

*Custer & Custer, Cawthon H. Custer, Black & Black, Eugene C. Black, Jr., Lewis R. Lamb*, for appellants.

*Watson, Spence, Lowe & Chambless, Mark A. Gonnerman, Dawn G. Benson*, for appellee.