## A02A0378. FRIESON v. SOUTH FULTON MEDICAL CENTER et al.
### (564 SE2d 821)

SMITH, Presiding Judge.

In this medical malpractice action, Betty Ann Frieson appeals from the trial court's dismissal of her complaint against all defendants on the ground that she failed to file an expert affidavit. We find that although the complaint was properly dismissed as to defendant Dr. Ignatius Akpele, dismissal was not warranted as to South Fulton Medical Center. We therefore affirm in part and reverse in part.

The record shows that Frieson brought suit pro se against South Fulton Medical Center, its "agents," and Dr. Akpele, alleging that she was injured by their negligent medical care. Dr. Akpele moved to dismiss Frieson's complaint against him on the ground that Frieson had not attached an expert affidavit to her complaint, as required by OCGA § 9-11-9.1. Frieson filed no response to the motion, nor did she attempt to file an expert affidavit, and the trial court granted Dr. Akpele's motion. In that order, the trial court noted that South Fulton appeared to be in the same position as Dr. Akpele and stated that it would enter an order dismissing the complaint in its entirety unless objection was made within 15 days. Frieson made no objection, nor did she attempt to file an expert affidavit or seek an extension of time in which to file one, and the trial court dismissed Frieson's complaint in its entirety.

Immediately thereafter, Frieson filed a pleading captioned "Request for a Denial of the Judge Order, Objection to the Defendant Akpele Motion to Dismiss Plaintiff Complaint and Request for Time to File an Affidavit." The trial court treated this pleading as a motion for reconsideration and denied the motion because Frieson still had not attempted to file an affidavit, nor had she shown good cause for an extension. Frieson later filed a "Motion to Request a New Trial," in which she contended that she need not file an expert affidavit. The court denied this motion as well. Still acting pro se, Frieson appeals.

1. South Fulton has moved this court to supplement the record with two exhibits: copies of its voluntary petition for bankruptcy, and a letter from Frieson to South Fulton's registered agent. "It is elementary that documents upon which a party rests his case must be offered into evidence." (Citation and punctuation omitted.) *Hadden v. Owens,* 154 Ga. App. 467, 468 (2) (268 SE2d 760) (1980). Neither of these documents was presented in the trial court. This is a court for correction of errors of law, and our decision must be made upon the record sent up by the trial court. When nothing in the record supports the contention of error, nothing is presented to this court for review. *Williams v. Lemon,* 194 Ga. App. 249, 252 (3) (390 SE2d 89) (1990). The motion is therefore denied.

2. Because South Fulton's supplemental brief relies upon the documents with which it sought to supplement the record, its motion to file a supplemental brief is denied as well.

3. No question exists that OCGA § 9-11-9.1 applies to Frieson's complaint against South Fulton. The determinative factor is "whether the professional's alleged negligence required the exercise of professional judgment and skill. Claims of allegedly negligent administrative acts which do not require professional knowledge or skill assert ordinary negligence." (Citations and punctuation omitted.) *Peterson v. Columbus Med. Center Foundation*, 243 Ga. App. 749, 754 (2) (533 SE2d 749) (2000). Here, Frieson has alleged in her complaint that because of her treatment by the hospital an incision became infected and that the hospital's agent punctured her spinal column. The complaint states a claim for malpractice, rather than ordinary negligence, against the hospital.

Frieson contends, however, that the trial court erred in dismissing her complaint in its entirety because South Fulton never filed an answer and did not challenge the lack of an expert affidavit. She argues that the trial court should not have applied Dr. Akpele's motion to South Fulton. We agree and reverse the dismissal of Frieson's claim against South Fulton.

OCGA § 9-11-9.1 (b) provides, in pertinent part:

> If an affidavit is not filed within the period specified in this subsection or as extended by the trial court *and the defendant against whom an affidavit should have been filed alleges, by motion to dismiss filed contemporaneously with its initial responsive pleading[,] that the plaintiff has failed to file the requisite affidavit*, the complaint is subject to dismissal for failure to state a claim.

(Emphasis supplied.) With these words, the General Assembly has made a plaintiff's failure to attach an expert affidavit to a medical malpractice complaint an affirmative defense. Such a defense must be properly asserted to be effective. Because South Fulton did not assert it, Frieson's failure to file an expert affidavit does not warrant the dismissal of her complaint against South Fulton. *Seely v. Loyd H. Johnson Constr. Co.*, 220 Ga. App. 719, 724 (470 SE2d 283) (1996); *Colston v. Fred's Pest Control*, 210 Ga. App. 362, 364 (436 SE2d 23) (1993) (physical precedent only). The trial court erred in dismissing Frieson's complaint against South Fulton.

4. Because Dr. Akpele filed a motion to dismiss at the time he filed his answer, we agree with the trial court that dismissal of Frieson's claim against him was warranted. Indeed, Frieson appears to concede as much in her brief. The dismissal against Dr. Akpele is therefore affirmed.

*Judgment affirmed in part and reversed in part. Eldridge and Ellington, JJ., concur.*

DECIDED MAY 1, 2002.

Betty A. Frieson, *pro se.*

*Carlock, Copeland, Semler & Stair, Jo Ann Jagor, Douglas W. Smith, Alston & Bird, Matthew W. Levin, Hall, Booth, Smith & Slover, Rush S. Smith, Jr., George A. Panos,* for appellees.