A04A1171. CORNWELL v. KIRWAN et al.

(606 SE2d 1)

BLACKBURN, Presiding Judge.

Following the trial court's grant of summary judgment in this legal malpractice action to appellees Bruce Kirwan and the law firm of Parks, Chesin & Miller, f/k/a Kirwan, Parks, Chesin & Miller (collectively "Kirwan"), Joseph D. Cornwell appeals, arguing that Kirwan was negligent both in omitting certain arguments from Cornwell's first habeas corpus petition and also in advising him to plea nolo contendere to a DUI offense, and that the trial court erred in limiting its analysis of his malpractice claim to the issue of proximate cause. For the reasons set forth below, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of

review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*ABF Capital Corp. v. Yancey.*[1]

Viewed in this light, the record shows that in December 1994, Cornwell, represented by attorney Jerry Drayton, pled guilty to felony theft by taking in Gwinnett County Superior Court and was sentenced to serve seven years probation under the first offender act. In January 1996, Kirwan, who then represented Cornwell, filed a motion to set aside his 1994 guilty plea. On June 28, 1996, at the urging of the trial court, Kirwan withdrew the motion to set aside and filed instead a petition for habeas corpus on Cornwell's behalf.

On October 7, 1996, Cornwell, on Kirwan's advice, pled nolo contendere to DUI in the City of Atlanta Traffic Court. Later that month, a hearing was held on Cornwell's petition for habeas corpus. The trial court denied the habeas petition in January 1997, and Cornwell appealed the trial court's denial of the petition to the Supreme Court of Georgia.

In April 1997, probation revocation proceedings arising out of Cornwell's DUI plea were instituted in Gwinnett County, and Cornwell was served with a petition for adjudication of guilt and imposition of sentence in the first offender case. A hearing was held on June 10, 1997, but the trial court left the issue of probation revocation undecided pending resolution of Cornwell's appeal of the denial of his habeas corpus petition to the Supreme Court. On January 11, 1999, the denial of Cornwell's first habeas petition was affirmed by the Supreme Court of Georgia in *Cornwell v. Dodd.*[2]

In May 1999, Cornwell terminated Kirwan's representation of him and retained new counsel. New counsel represented Cornwell at a second probation revocation hearing on July 12, 1999; at the conclusion of the hearing, Cornwell had his probation revoked, lost his first offender status, and was sentenced to nine years with five months to serve.

In October 1999, Cornwell filed a second habeas corpus petition with respect to his 1994 guilty plea. On October 2, 2000, Cornwell filed a legal malpractice case against Kirwan in Fulton County Superior Court.

A hearing on the second habeas petition took place on March 29, 2001. The trial court denied the habeas petition on all grounds raised.

---

[1] *ABF Capital Corp. v. Yancey*, 264 Ga. App. 850 (592 SE2d 492) (2003).
[2] *Cornwell v. Dodd*, 270 Ga. 411 (509 SE2d 919) (1999).

Cornwell appealed the denial of the habeas petition, but the Supreme Court denied his application for a certificate of probable cause filed pursuant to OCGA § 9-14-52.

On November 28, 2001, Kirwan filed a motion for summary judgment on Cornwell's claims of legal malpractice. On October 25, 2002, the trial court granted the motion for summary judgment, and it is from the grant of that motion that Cornwell now appeals.

1. In two enumerations of error, Cornwell argues that Kirwan was negligent in representing him because he omitted certain arguments from the first habeas corpus petition he filed on Cornwell's behalf.

> In a legal malpractice action, the plaintiff must establish three elements: (1) employment of the defendant attorney, (2) failure of the attorney to exercise ordinary care, skill and diligence, and (3) that such negligence was the proximate cause of damage to the plaintiff. With respect to the "ordinary care, skill and diligence" element, the law imposes upon persons performing professional services the duty to exercise a reasonable degree of skill and care, *as determined by the degree of skill and care ordinarily employed by their respective professions under similar conditions and like surrounding circumstances.*

(Citations and punctuation omitted; emphasis in original.) *Allen v. Lefkoff, Duncan &c.*[3]

First, Cornwell maintains that Kirwan should have argued that his trial counsel was ineffective because trial counsel gave Cornwell misinformation about keeping his securities license that misled him into pleading guilty. We find no merit to this argument.

As the second habeas court pointed out in denying Cornwell's petition, the impact of Cornwell's plea under the first offender act on his license to trade securities would constitute a collateral consequence of his conviction. The failure to advise a defendant of collateral consequences is not a factor in determining whether or not a plea was intelligently entered. *Williams v. Duffy*[4] ("[t]here is no constitutional requirement that a defendant be advised of such collateral consequences in order for his guilty plea to be valid"). Further, *Davis v. State*[5] held that the trial court is not required to inform a defendant of all possible collateral consequences of his plea.

---

[3] *Allen v. Lefkoff, Duncan &c.*, 265 Ga. 374, 375 (2) (a) (453 SE2d 719) (1995).

[4] *Williams v. Duffy*, 270 Ga. 580, 581 (1) (513 SE2d 212) (1999).

[5] *Davis v. State*, 151 Ga. App. 736 (261 SE2d 468) (1979).

> If a defendant's actual knowledge of such collateral conse-
> quences is not a prerequisite to his entry of a knowing and
> voluntary guilty plea, his lack of knowledge of those collat-
> eral consequences cannot affect the voluntariness of the
> plea. Accordingly, counsel's failure to advise the defendant of
> the collateral consequences of a guilty plea cannot rise to the
> level of constitutionally ineffective assistance.

(Citation omitted.) *Williams v. Duffy,* supra at 582 (1). Since Corn-well's trial counsel did not render ineffective assistance of counsel in failing to advise him that he might lose his license to trade securities, Kirwan clearly did not fail to exercise ordinary care, skill, and diligence in not raising this argument. We add that the Supreme Court's denial of Cornwell's application for a certificate of probable cause indicates that it, too, found no merit in Cornwell's argument on this issue.

Cornwell cites *Rollins v. State,*[6] which "distinguish[es] between a lawyer's failure to inform his client of the collateral consequences attending a guilty plea and the affirmative misrepresentation of such consequences," finding that the latter constitutes ineffective assis-tance of counsel. Cornwell maintains that trial counsel misinformed him about the effect of his plea on his securities license. However, trial counsel testified at the habeas hearing that he had made Cornwell no promises regarding the effect of the plea on his license, and it is clear from its order that the court gave credence to trial counsel's testimony and treated the case as one involving the failure to inform. More importantly, as the hearing at which Kirwan repre-sented Cornwell on his petition was in 2001 and *Rollins* was decided in 2004, Kirwan would have had no legal precedent for arguing, even if Cornwell had told him of a misrepresentation, that Cornwell's trial counsel rendered ineffective assistance by actively misrepresenting the effect of the plea on his license to trade.

2. Cornwell next asserts that Kirwan was negligent because he did not argue, as grounds for the claim of ineffective assistance, trial counsel's failure to object at the time of the plea to an alleged lack of factual predicate for the theft by taking charge. Again, we disagree.

As with Cornwell's previous claim, the habeas court found no merit to the claim of ineffective assistance of counsel on Kirwan's part. The court pointed out in its order that the indictment specifi-cally states that the value of the property taken had a value greater than $500, that Cornwell acknowledged at the time of his plea that he had read and examined the indictment charging him in the case and

---

[6] *Rollins v. State,* 277 Ga. 488, 489 (1) (591 SE2d 796) (2004).

understood the charge to which he was pleading guilty, and that he had in fact taken the property as alleged in the indictment. In addition, the court noted that at the outset of the plea hearing, the assistant district attorney stated that the second count of the indictment was "theft by taking in a felony amount." Under these circumstances, the habeas court concluded that the substance of the felony theft by taking charge, including value, was conveyed to Cornwell, that there was sufficient evidence on the record to establish theft by taking, and that the plea and sentence to felony theft by taking were lawful and valid. Given these facts, trial counsel did not render ineffective assistance of counsel in failing to object to the lack of predicate, and Kirwan was not negligent in failing to argue that he did. The Supreme Court evidently also concluded, by denying Cornwell's application for a certificate of probable cause, that there was no merit to his argument.

Cornwell has filed a motion with this Court to supplement the record with an order modifying sentence by consent of the parties, and to file supplementary briefs based on that order. The order vacates the felony sentence imposed on Cornwell pursuant to his 1994 guilty plea to theft by taking, based on the court's determination that a genuine issue exists as to whether there was sufficient evidence to support a finding that the value of the stolen property exceeded $500, and imposes a misdemeanor sentence. "This is a court for correction of errors of law, and our decision must be made upon the record sent up by the trial court." *Frieson v. South Fulton Med. Center*.[7] "Appellate courts will review only evidence presented to the trial court before its ruling on the motion. Additional evidence will not be admitted on appeal." *RC Cola Bottling Co. v. Vann*.[8] Cornwell's motion is, therefore, denied.

Finally, we observe, though Kirwan did not argue collateral estoppel as a ground for the trial court's grant of summary judgment, that Cornwell is relitigating the very same issues he contested in his second habeas corpus petition. Though the habeas petition dealt with ineffective assistance of counsel and Cornwell's current civil suit involves legal malpractice, the core issues in the two actions are exactly the same. The principle barring relitigation of issues previously resolved in a valid court judgment is clear and well settled; the issues raised by Cornwell in this civil malpractice case, having been ruled on by the habeas court, as well as the Supreme Court, cannot be addressed again. Neither Cornwell nor his present counsel should have had a reasonable doubt as to the applicable law or reasonable

---

[7] *Frieson v. South Fulton Med. Center*, 255 Ga. App. 217 (1) (564 SE2d 821) (2002).

[8] *RC Cola Bottling Co. v. Vann*, 220 Ga. App. 479, 480 (1) (469 SE2d 523) (1996).

expectation of succeeding in the trial court. The very filing of the malpractice action against Kirwan could have subjected Cornwell to sanctions, though the trial court did not impose them.

For the same reason, there was no possibility of Cornwell's succeeding in the present appeal on these issues. "If an appellant knew or should have known that an appeal was ill-founded, sanctions should issue." (Punctuation omitted.) *Shamsai v. Coordinated Properties.*[9] Accordingly, we find Cornwell's appeal on these issues to be frivolous and impose jointly upon Cornwell and his counsel a penalty of $1,000. *Lane v. Ken Thomas of Ga.*[10] (holding that defendants and their counsel had no reason to believe they could prevail and imposing penalty jointly upon them).

3. Cornwell next contends that Kirwan was negligent because he advised him to plea nolo contendere to the City of Atlanta DUI charge without advising him that such a plea could be used to revoke his probation and first offender status. We disagree.

As noted above, "in Georgia, [Cornwell] must make all of the following showings in order to recover on a legal malpractice claim: (1) employment of an attorney; (2) failure of the attorney to exercise ordinary care, skill and diligence; and (3) damages proximately caused by such failure, e.g., the loss of a meritorious case." *Walker v. Burnett.*[11]

First, Cornwell has not shown that Kirwan failed to exercise ordinary care, skill and diligence. At the time of his arrest for DUI, Cornwell had a blood-alcohol level of 0.15 grams. Kirwan informed Cornwell that this test result indicated that he was driving under the influence, and that in light of this test, he "would strongly suggest that we tender a plea of Nolo Contendere to the DUI charge." He also advised Cornwell that the nolo plea would allow Cornwell to keep his driver's license. Given the evidence of Cornwell's guilt, it is undisputed that such advice was given in the good faith exercise of Kirwan's professional judgment. "There can be no liability for acts and omissions by an attorney in the conduct of litigation which are based on an honest exercise of professional judgment. This Court will not hold an attorney liable for malpractice based merely on the attorney's choice of trial tactics or strategy or the good faith exercise of professional judgment." (Citation and punctuation omitted.) *Allen Decorating v. Oxendine.*[12]

---

[9] *Shamsai v. Coordinated Properties,* 259 Ga. App. 438, 440 (3) (576 SE2d 901) (2003).

[10] *Lane v. Ken Thomas of Ga.,* 233 Ga. App. 15, 20 (7) (503 SE2d 94) (1998).

[11] *Walker v. Burnett,* 241 Ga. App. 105, 108 (526 SE2d 109) (1999).

[12] *Allen Decorating v. Oxendine,* 225 Ga. App. 84, 89 (2) (483 SE2d 298) (1997).

Beyond this, Cornwell cannot show that Kirwan's failure to inform him of the consequences of the nolo plea proximately caused his harm. The transcript of the plea hearing reveals that Cornwell was informed by both his trial counsel and the trial court that a violation of his probation would jeopardize his probationary and first offender status. Cornwell already knew, by the terms of his probation, the consequences of any probation violations. Any harm Cornwell suffered came as a result of his own actions that violated the law, not as a result of the actions of his attorney.

4. Cornwell's final enumeration of error, that the trial court erred in limiting its analysis of his malpractice claim to the issue of proximate cause, lacks any merit whatsoever.

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED JULY 20, 2004 —
RECONSIDERATION DENIED OCTOBER 21, 2004 — 

*Louis Levenson,* for appellant.

*Swift, Currie, McGhee & Hiers, John S. Berry, James T. McDonald, Jr., Parks, Chesin & Walbert, Larry Chesin,* for appellees.