Richard C. FITZPATRICK, Plaintiff,

v.

Anthony L. HARRISON, Defendant.

No. CV210–062.

United States District Court,
S.D. Georgia,
Brunswick Division.

Nov. 22, 2010.

Julian H. Toporek, Savannah, GA, for Plaintiff.

Wallace E. Harrell, Gilbert, Harrell, Sumerford & Martin, PC, Brunswick, GA, Jason M. Tate, Roberts Tate, LLC, St. Simons Island, GA, for Defendant.

## ORDER

LISA GODBEY WOOD, Chief Judge.

Presently before the Court is Defendant Anthony L. Harrison's Motion to Dismiss. For the reasons stated below, Defendant's Motion is **GRANTED.**

## BACKGROUND

As is appropriate in ruling on a motion to dismiss, the Court accepts all factual allegations in Plaintiff's Complaint as true. *See Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009).

Plaintiff Richard C. Fitzpatrick, who was having domestic difficulties, met with Defendant Anthony L. Harrison on March 16, 2006 at Defendant's office. They met behind closed doors for approximately one hour. During that time, Plaintiff discussed his domestic situation with his wife at the time, Anne McWhorter Allen ("Allen"). Plaintiff alleges that he disclosed to Defendant "many confidential facts including his personal habits, those of Allen, financial information including assets of both Plaintiff and Allen, background information regarding both parties, all of which were intended to be and were received by Defendant as confidential information." Compl. ¶ 7, ECF No. 1. Included in these disclosures was information "that Plaintiff's wife, Allen, had been widowed when her husband and son were killed in the explosion of TWA Flight 800 and she had been compensated with a structured settlement which yielded her approximately $272,000.00 per year until 2011." *Id.* at ¶ 7.

Defendant "gave advice to Plaintiff including advising him that it would be best to file suit in Cobb County ... due to the nature of the juries in Glynn County as opposed to Cobb County." *Id.* at ¶ 8. At the end of the parties' conference, Plaintiff offered to pay Defendant. Defendant declined payment. Defendant advised Plaintiff of Defendant's retainer should Plaintiff choose to proceed with a divorce. Plaintiff told Defendant that he would likely return the following day with a check. *Id.* at ¶ 9. Plaintiff does not allege ever returning with payment.

Thereafter, Defendant undertook representation of Allen in a divorce action in the Superior Court of Glynn County, Georgia, and Plaintiff was served with a summons and complaint in that matter. On or about August 8, 2006, Plaintiff was also "served with a domestic violence warrant, charging him with domestic violence and placing a freeze on all of Plaintiff's assets." *Id.* at ¶ 10. Defendant secured this warrant as part of his legal representation of Allen.

In Count I of his Complaint, Plaintiff sues Defendant for legal malpractice. Plaintiff alleges that by undertaking representation of Allen after having received confidential information from Plaintiff, Defendant "clearly entered into a situation of conflict of interest and violated various Bar Rules of Professional Conduct." *Id.* at ¶ 12. Plaintiff further alleges that "[a]s a direct and proximate result of" Defendant's representing Allen after having "obtained confidential information from Plaintiff ... disclosed to Defendant in anticipation of an attorney-client relationship and with the expectation of confidentiality," Plaintiff "suffer[ed] loss of large sums of assets and [was] subject to extreme pain, suffering and mental anguish." *Id.* at ¶ 13.

In Count II of his Complaint, Plaintiff raises a claim for intentional infliction of emotional distress. Plaintiff alleges that "Defendant intentionally sought to humiliate and to embarrass the Plaintiff by having him served with the domestic violence warrant and Summons and Complaint of the divorce action at his place of employment, in front of his employer and co-workers." *Id.* at ¶ 17. Plaintiff alleges that "[a]s a direct and proximate result of [Defendant's] actions, Plaintiff was terminated from his employment and sole source of income," and because "he had no funds to continue to retain counsel and contest the divorce, he was forced to settle for far less that [sic] he would have been entitled to had he been able to contest the divorce." *Id.* at ¶¶ 16–17.

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a plaintiff's complaint. *See* Fed.R.Civ.P. 12(b)(6) (providing defense of "failure to state a claim upon which relief can be granted"). When ruling on a 12(b)(6) motion, a court must accept the factual allegations in the complaint as true, but is not bound to accept as true any "legal conclusion couched as a factual allegation." *Iqbal*, 129 S.Ct. at 1949–50 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)) (internal quotation marks omitted). The court must also limit its consideration to the pleadings and any attached exhibits. *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir.1993) (citing Fed.R.Civ.P. 10(c)). In order to state a claim for relief, the pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

R.Civ.P. 8(a)(2). This statement is intended to "give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007) (quoting *Dura Pharm. Inc. v. Broudo*, 544 U.S. 336, 346, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005)). This is a liberal pleading standard that "do[es] not require that a plaintiff specifically plead every element of a cause of action." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir.2001). Rather, a Rule 12(b)(6) motion to dismiss should only be granted if the plaintiff is unable to articulate enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545, 127 S.Ct. 1955.

## DISCUSSION [1]

### I. Legal Malpractice (Count I)

■ Defendant moves to dismiss Plaintiff's claim for legal malpractice for failure to state a claim upon which relief can be granted. "In a legal malpractice action, the plaintiff must establish three elements: (1) employment of the defendant attorney, (2) failure of the attorney to exercise ordinary care, skill and diligence, and (3) that such negligence was the proximate cause of damage to the plaintiff." *Cornwell v. Kirwan*, 270 Ga.App. 147, 606 S.E.2d 1, 3 (2004). Plaintiff need not "specifically plead every element of a cause of action," *Aware Woman Ctr. for Choice, Inc.*, 253 F.3d at 683, but must at least articulate enough facts to suggest the existence of an employment relationship to show that his claim is based on more than mere speculation. *See Twombly*, 550 U.S. at 545, 127 S.Ct. 1955.

---

1. The Court does not rely herein on the contents of Plaintiff's Affidavit, which he attached to his Response to Defendant's Motion to Dismiss. Therefore, the Court need not address Defendant's Motion to Strike Affidavit, which is rendered moot by the disposition of this Order.

Though Plaintiff labels his Count I a legal malpractice claim, he does not even allege the most basic requirement of such a claim—an actual employment relationship. To the contrary, paragraph thirteen of the Complaint clarifies that the relationship was merely anticipatory, not actual. Under Georgia law, "[i]t is generally held that an attorney-client relationship must be demonstrated before a plaintiff may recover in a legal malpractice suit." *Cleveland Campers, Inc. v. R. Thad McCormack, P.C.*, 280 Ga.App. 900, 635 S.E.2d 274, 276 (2006) (internal quotation marks omitted). Plaintiff alleges no express contract, but the attorney-client relationship "may be implied from the conduct of the parties." *Id.* Georgia courts have stated that "the employment is sufficiently established when it is shown that the advice or assistance of the attorney is sought and received in matters pertinent to the profession." *Id.* (internal quotation marks omitted). Plaintiff does allege that he sought legal "counsel and advice" and thus made and attended an appointment with Defendant at Defendant's office. Compl. ¶ 5, ECF No. 1. Plaintiff also alleges that Defendant actually gave him legal advice, including advice for a more favorable county in which to file suit. *Id.* at ¶ 8.

But receiving advice cannot alone form the basis of an attorney-client relationship where Plaintiff has not alleged facts informing a reasonable belief that such a relationship existed. Implying an attorney-client relationship between the parties requires that Plaintiff have had a "'reasonable belief' … that he [ ] was being represented by the attorney. A reasonable belief is one which is reasonably induced by representations or conduct on the part of the attorney." *Cleveland Campers*, 635 S.E.2d at 277. Defendant's conduct, as alleged by Plaintiff himself, speaks to the contrary. Although Defendant gave Plaintiff some legal advice, Defendant's subsequent conduct could not have given Plaintiff cause to reasonably believe the parties had formed an attorney-client relationship at that time. Specifically, Plaintiff alleges, "At the conclusion of said conference, Plaintiff offered payment to Defendant. Defendant declined payment and advised Plaintiff of his retainer and should Plaintiff decide to proceed with a divorce at that time; Plaintiff advised that he would likely return the following day with a check, as he did not bring a check with him that day." Compl. ¶ 9, ECF No. 1. Construing Defendant's statement in a light favorable to Plaintiff—as an offer to enter into an employment relationship—Plaintiff did not accept the offer because he did not provide a retainer. Defendant made Plaintiff explicitly aware that an employment relationship would not be created until Plaintiff paid Defendant a retainer under Defendant's terms. Plaintiff cannot and, of dispositive import, does not now claim that an employment relationship was created based on the one-hour, payment-free consultation.

He admits in his Complaint that he disclosed personal information during the one-hour meeting with Defendant "*in anticipation of* an attorney-client relationship." Compl. ¶ 13, ECF No. 1 (emphasis added). Mere anticipation of an attorney-client relationship is not equivalent to the formation of one. Plaintiff has not alleged facts supporting a reasonable belief that an employment relationship was created, and therefore his legal malpractice claim cannot survive Defendant's 12(b)(6) motion to dismiss.

## II. Intentional Infliction of Emotional Distress (Count II)

Defendant moves to dismiss Plaintiff's claim for intentional infliction of emotional distress on several grounds, one of which

is that it is time-barred under the applicable statute of limitations.

 In Georgia, a two-year statute of limitations governs claims for intentional infliction of emotional distress. *See Valades v. Uslu,* 301 Ga.App. 885, 689 S.E.2d 338, 341 (2009) (stating that O.C.G.A. § 9–3–33 is the applicable statute of limitation for intentional infliction of emotional distress, among other torts); *Bd. of Regents v. Oglesby,* 264 Ga.App. 602, 591 S.E.2d 417, 422 (2003) ("[Plaintiff's] claim for intentional infliction of emotional distress, of course, is subject to O.C.G.A. § 9–3–33."). The statute requires "[a]ctions for injuries to the person [to] be brought within two years after the right of action accrues." O.C.G.A. § 9–3–33. The date on which the cause of action accrues depends on whether the act causing the damage "is in and of itself an invasion of some right of the plaintiff, and thus constitutes a legal injury," or if instead, "recovery is sought only on account of damage subsequently accruing from and consequent upon the act." *Fox v. Ravinia Club, Inc.,* 202 Ga.App. 260, 414 S.E.2d 243, 244 (1991). If the act causing the damage itself constitutes a legal injury, "the cause of action accrues and the statute begins to run from the time the act is committed." *Id.* If, on the other hand, "the act is of itself not unlawful in this sense ... the cause of action accrues and the statute begins to run only when the damage is sustained." *Id.*

Plaintiff in the present case alleges that the act causing him damage was that of Defendant, as attorney for Allen, causing Plaintiff to be served with the domestic violence warrant, and summons and complaint in the divorce action, at Plaintiff's place of employment. Plaintiff alleges that he suffered humiliation when he was served at his place of employment; was terminated as a result of that incident; and as a result of his termination, lost his income and was forced to settle his divorce case for less than he otherwise would have. The only specific date that Plaintiff alleges in Count II of his Complaint is "on or about August 8, 2006, [when] Plaintiff was served with a domestic violence warrant." Compl. ¶ 10. Plaintiff's claim is time-barred because the cause of action accrued on August 8, 2006, and Plaintiff did not file his Complaint until April 12, 2010, more than two years later. Defendant is therefore entitled to dismissal of Plaintiff's Count II.

## CONCLUSION

Defendant's Motion to Dismiss Plaintiff's Complaint is **GRANTED.** The Clerk is directed to enter an Order dismissing the case.